Ryan Ballard, ISBN 9017
Ballard Law, PLLC
P.O. Box 38
Rexburg, ID 83440
(208) 359-5532
ryanballardlaw@gmail.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| KRISTY FRENCH,<br><br>      Plaintiff,<br><br>v.<br><br>USAA FEDERAL SAVINGS BANK,<br><br>      Defendant. | Case No.:  1:19-cv-66<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **TCPA, 47 U.S.C. § 227,**<br><br>2. **Invasion of Privacy - Intrusion Upon Seclusion** |

### COMPLAINT FOR DAMAGES

Plaintiff, Kristy French ("Plaintiff"), through her attorneys, alleges the following against USAA Federal Savings Bank, ("Defendant" or "USAA"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. § 1331.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendants transact business here; personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Canyon County, in the State of Idaho.

7. Defendant is a creditor engaged in the business of giving consumer loans with its principal place of business located in San Antonio, Texas. Defendant can be served with process at 10750 McDermott Freeway, San Antonio, TX 78288.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Defendant is attempting to collect a debt from Plaintiff.

10. In or around October of 2018, Defendant began placing calls to Plaintiff on her cellular phone number (XXX) XXX-5118, in an attempt to collect an alleged debt.

11. The calls placed by Defendant mainly originated from (800) 531-0378.

12. On or about October 3, 2018, at 12:32 p.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating

the use of an automated telephone dialing system; Plaintiff spoke with Defendant's representative.

13. Defendant informed Plaintiff that it was attempting to collect a debt relating to her USAA account.

14. Plaintiff explained to the representative that she was having financial difficulties, family issues, and medical bills that she had to pay.

15. Plaintiff then told Defendant that she would call them when her situation changed.

16. Plaintiff then unequivocally revoked consent to be called any further.

17. Despite Plaintiff's request not to be contacted, Defendant continued to call Plaintiff.

18. Defendant's incessant calls continued throughout the month of October.

19. On October 26, 2018 at 12:00 p.m., Plaintiff answered another call from Defendant.

20. Plaintiff, again, explained her family and financial situations and then clearly revoked consent to be called further.

21. Between October 3, 2018, the date Plaintiff initially revoked consent to be called further, and October 26, 2018, Defendant called Plaintiff approximately forty (40) times.

22. Defendant would often call Plaintiff multiple times a day.

23. Plaintiff is currently going through financial difficulties and is dealing with several family issues.

24. Plaintiff's daughter is going through a bad divorce and Plaintiff is helping to care for her two grandchildren.

25. Plaintiff's son is starting college, adding additional financial strain on Plaintiff.

26. Plaintiff has several medical bills that she is behind on and needs to pay as soon as she can.

27. Defendant was aware of Plaintiff's family and financial hardships and continued to call Plaintiff incessantly.

28. The constant phone calls caused Plaintiff to experience increased levels of stress and anxiety.

29. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I
### Defendant's Violations of the TCPA, 47 U.S.C. § 227

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a) Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b) Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

32. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars

($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### Defendant's Invasion of Privacy
### (Intrusion upon Seclusion)

33. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

34. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

    b. Defendants conduct would be highly offensive to a reasonable person as Plaintiff would receive calls daily, often multiple times a day.

    c. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

35. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Kristy French, respectfully requests judgment be entered against Defendant for the following:

   A. Declaratory judgment that Defendants violated the TCPA;

   B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C. Actual and punitive damages resulting from the invasion of privacy;

D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

E. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Date: February 22, 2019

/s/ Ryan A. Ballard
Ryan A. Ballard
BALLARD LAW, PLLC